**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| RENE WERTHEIMER | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 06-06233 (WHW) |
| | : | |
| JOAN SINGER | : | |
| | : | |
| Defendant. | : | |
| | : | |

**Walls, Senior District Judge**

Defendant moves for summary judgment.  The motion is denied.

**FACTS AND PROCEDURAL BACKGROUND**

On December 29, 2004, plaintiff Rene Wertheimer descended the stairs of defendant Joan Singer's condominium unit, (Statement of Facts ¶ 1.), while carrying her five-pound Yorkshire terrier and possibly her purse.  (Statement of Facts ¶ 8.)  Near the bottom of the stairs Wertheimer fell, breaking her tibia, fibia and ankle, as well as herniating a disk.  (Pl.'s Opp. 1-2.)

Wertheimer theorizes that her fall was caused by a pair of shoes left on the steps, although she neither saw the shoes before she fell nor remembered feeling them after the accident.  (Statement of Facts ¶ 5.)  Although Wertheimer was very familiar with the condominium and the staircase, having visited there on several occasions, (Statement of Facts ¶ 7.), she had never noticed shoes on the steps before the accident.  (Def.'s Supp., Ex. B, Wertheimer Dep. at 23:12-14.)  Defendant's daughter, Beverly Singer, did testify that the shoes caused the fall and that she had to push the shoes aside as they were underneath Wertheimer after

NOT FOR PUBLICATION

she fell.  (Pls.' Response to Def.'s Statement of Material Facts ¶ 1.)  Although Wertheimer

recalled that it was darker at the bottom of the stairs, where the shoes were placed, she also

testified that she thought she could have seen the shoes on the steps had she looked.  (Def.'s

Supp., Ex. B, Wertheimer Dep. 28:10-20.)

**LEGAL STANDARD**

Summary judgment is appropriate where the moving party establishes that "there is no

genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law."

Fed. R. Civ. P. 56©.  A factual dispute between the parties will not defeat a motion for summary

judgment unless it is both genuine and material.  See Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 247-48, 106 S. Ct. 2505, 2510 (1986).  A factual dispute is genuine if a reasonable jury

could return a verdict for the non-moving party, and it is material if, under the substantive law, it

would affect the outcome of the suit.  Id. at 248.  The moving party "always bears the initial

responsibility of informing the district court of the basis for its motion, and identifying those

portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue

of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has carried its burden under Rule 56, "its opponent must do more

than simply show that there is some metaphysical doubt as to the material facts in question."

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356

(1986).  To survive a motion for summary judgment, the non-moving party must present more

than a mere scintilla of evidence in his favor.  See Woloszyn v. County of Lawrence, 396 F.3d

NOT FOR PUBLICATION

314, 319 (3d Cir. 2005).  The non-moving party must go beyond the pleadings and, by affidavits or other evidence, designate specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(e); see also Celotex, 477 U.S. at 324.  "Conclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment."  Olympic Junior, Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3d Cir. 1972).

At the summary judgment stage the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial.  See Anderson, 477 U.S. at 249.  In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party.  See id. at 255; see also Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002).

DISCUSSION

There is little in dispute in this case.  The parties do not contest that plaintiff was generally familiar with the condominium because of her many visits; had not seen shoes on the staircase before; did not see any on the day of her fall; and did not look down while she was descending the stairs.

Plaintiff was indisputably a social guest and the parties agree as to the applicable standard of care.  A homeowner "is not required to provide greater safety on his premises for a social guest than he would for himself."  Parks v. Rogers, 176 N.J. 491, 497-98, 825 A.2d 1128 (2003).  But a social guest should not be at any greater risk than a homeowner who, because she knows the property, can protect herself against hidden conditions.  See id. at 498 (citing Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 433-34, 625 A.2d 1110 (1993).  The social guest should not be

-3-

NOT FOR PUBLICATION

expected to assume any hidden risks without warning, See Berger v. Shapiro, 30 N.J. 89, 98, 152

A.2d 20 (1959), but if "the guest is aware of the dangerous condition or by a reasonable use of

his faculties would observe it, the host is not liable."  Park, 176 N.J. at 498 (quoting Berger at

99).

     Defendant, relying on Tighe v. Peterson, 175 N.J. 240, 814 A.2d 1066 (2002) and Endre

v. Arnold, 300 N.J. Super. 136, 692 A.2d 97 (1997), argues that Wertheimer had visited the

condo so often that she had to be familiar with the stairs and any shoes on the stairs could,

therefore, not be characterized as a dangerous condition.  Both cases can be easily distinguished.

The Tighe plaintiff was a social guest who injured himself by diving into the shallow end of the

defendant's pool. The court held that the defendant had no duty to warn of shallow portions of

the pool because the plaintiff had used the pool on numerous occasions and consequently must

have had knowledge of the shallow end.  See Tighe at 241-42.  Unlike the Tighe plaintiff, who

was necessarily familiar with the depth of the swimming pool having used it on so many

occasions, there is no evidence that Wertheimer had any knowledge that shoes could or would be

placed on the stairs.

     Although Endre presents facts slightly more reflective of the current conundrum, it too

can be distinguished.  The Endre plaintiff alleged that several defects in defendant's staircase had

caused a fall which led to the plaintiff's death.  The court granted summary judgment to the

defendant because the plaintiff had so continuously frequented defendant's home, even repairing

a faulty railing on the staircase.  Endre, 300 N.J.Super. at 143.  In contrast, Wertheimer's visits to

the condominium did not create similar familiarity with the alleged hazard.  There is no evidence

-4-

NOT FOR PUBLICATION

here that Wertheimer ever moved any shoes that were placed on the stairs or even ever noticed that shoes were present on the staircase.  To the contrary, that Wertheimer had often visited the condominium and not noticed any shoes on the steps only made any shoes left on the stairs less obvious.

Defendant additionally argues that plaintiff has failed to proffer evidence that the shoes were a proximate cause of plaintiff's fall.  As defendant notes, the Third Circuit has held that a plaintiff must do more than introduce a mere possibility of negligence.  See Fedorczyk v. Caribbean Cruise Lines, LTD, 82 F.3d 69 (3d Cir. 1996).  The Fedorczyk plaintiff fell in a bathtub and claimed the defendant cruise line had failed to properly equip the tub, although it had four anti-skid strips.  Id. at 72.  The Third Circuit upheld the district court's grant of summary judgment because the plaintiff had presented no evidence tending to prove whether she was standing on or off the anti-skid stripping when she fell.  Id. at 74.  Unlike Fedorczyk, Wertheimer has produced evidence tending to prove that she tripped over the shoes.  Beverly Singer testified that the shoes caused plaintiff's fall and that she saw shoes under plaintiff after her fall. Although Wertheimer's memory is imperfect, she testified that she thought the shoes caused the accident.  Under such evidential circumstances surrounding the accident, the Court does not foreclose the possibility that a reasonable fact finder would conclude the shoes, which defendant concedes she left on the stairs, caused plaintiff's fall.

Defendant attaches great importance to Wertheimer's testimony that she could have seen the shoes on the stairs had she looked.  But this is not say that Wertheimer's failure to look was unreasonable.  A person who had used a staircase on many occasions, had never seen shoes there

-5-

**NOT FOR PUBLICATION**

before and had not seen any shoes on the day in question could be considered by a jury as having been reasonable by not looking down as she reached the bottom of the flight.  On the other hand, a reasonable fact finder could conclude that plaintiff was negligent in failing to look before she stepped and that such negligence contributed to her injuries.  And if plaintiff's fault is found to have exceeded defendant's, she would be barred from recovery under New Jersey law.  See N.J. Stat. Ann. § 2A:15-5.1 (2008).  But that determination is for a later jury not the present court. Defendant's motion is denied.

**CONCLUSION**

For the reasons stated above, defendant's motion for summary judgment is denied.


s/**William H. Walls**
United States Senior District Judge


**Appearances**

Richard J. Kwasny
Kwasny, Reilly Haft & Sacco
53 S. Main Street
Yardley, PA 19067
            Attorney for Plaintiff


Daniel James Distasi
Green, Lundgren & Ryan, P.C.
1010 Kings Highway South
Building 2
Cherry Hill, NJ 08034
            Attorney for Defendant